UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

       -v-

       INFORMATION

STEPHEN ERIC LAWRENCE,

       07 Cr.

       Defendant.

- - - - - - - - - - - - - - - - - x

## COUNT ONE

    The United States Attorney charges:

    1.   From in or about June 1999, up through and including in or about January 2007, in the Southern District of New York and elsewhere, STEPHEN ERIC LAWRENCE, the defendant, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Title 18, United States Code, Sections 1084, 1955, 1956(a)(2), and 1960.

    2.   It was a part and an object of said conspiracy that STEPHEN ERIC LAWRENCE, the defendant, and others known and unknown, being engaged in the business of betting and wagering, unlawfully, willfully, and knowingly would and did use a wire communication facility for the transmission in interstate and foreign commerce of bets, wagers, and information assisting in the placing of bets and wagers on sporting events and contests, and for the transmission of wire communications which did entitle

the recipient to receive money and credit as a result of bets and wagers, and for information assisting in the placing of bets and wagers, in violation of Title 18, United States Code, Section 1084.

      3.   It was further a part and an object of said conspiracy that STEPHEN ERIC LAWRENCE, the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did conduct, finance, manage, supervise, direct, and own all and part of various illegal gambling businesses, namely, internet gambling companies doing business in New York in violation of New York State Penal Law, Article 225, in violation of Title 18, United States Code, Section 1955.

      4.   It was further a part and an object of the conspiracy that STEPHEN ERIC LAWRENCE, the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did transport, transmit, and transfer monetary instruments and funds from a place in the United States to and through a place outside the United States and to a place in the United States from and through a place outside the United States with the intent to promote the carrying on of specified unlawful activity, to wit, the operation of illegal gambling businesses in violation of Title 18, United States Code, Section 1955, the illegal transmission of wagers and gambling information, in violation of Title 18, United States Code, Section 1084, and the commission of

gambling offenses, in violation of New York State Penal Law, Article 225, in violation of Title 18, United States Code, Section 1956.

5. It was further a part and an object of the conspiracy, from in or about October 2001 up through and including in or about January 2007, that STEPHEN ERIC LAWRENCE, the defendant, and others known and unknown, unlawfully, willfully and knowingly would and did conduct, control, manage, supervise, direct, and own all and part of an unlicensed money transmitting business that transferred funds within the United States and to locations abroad on behalf of the public by means of wire, check, draft, facsimile, and courier, which funds were known to LAWRENCE to have been derived from a criminal offense and were intended to be used to promote and support unlawful activity, to wit, illegal internet gambling, and thereby affected interstate and foreign commerce, in violation of Title 18, United States Code, Section 1960.

<u>Overt Acts</u>

6. In furtherance of said conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about June 1999, STEPHEN ERIC LAWRENCE, the defendant, founded a group of businesses (the "NETeller

Group") to provide online payment services to internet gambling businesses and to customers who wished to wager with such businesses.

   b. Beginning in or about July 2000, and continuing up to in or about December 2003, LAWRENCE and others affiliated with the NETeller Group offered online payment services through NETeller Inc., a Canadian corporation, to various internet gambling businesses located outside of the United States so that these businesses could access customers located in the United States, including customers located in and around Manhattan.

   c. Beginning in or about January 2004, and continuing up to in or about January 2007, LAWRENCE and others affiliated with the NETeller Group offered online payment services through NETeller PLC, a corporation based in the Isle of Man, to various internet gambling businesses located outside of the United States so that these businesses could access customers located in the United States, including customers located in and around Manhattan.

   d. From in or about July 2000, and continuing up to in or about January 2007, LAWRENCE and others affiliated with the NETeller Group regularly transferred and transmitted funds from customers located in the United States, including customers located in and around Manhattan, to various internet gambling

4

businesses located outside of the United States, by means of wire transfer.

(Title 18, United States Code, Section 371.)

**FORFEITURE ALLEGATION**

7. As the result of committing the gambling, money laundering, and unlicensed money transmitting offenses alleged in Count One of this Information, defendant STEPHEN ERIC LAWRENCE shall forfeit to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982 and 1955(d) and 28 U.S.C. § 2461, all property, real and personal, involved in the money laundering and unlicensed money transmitting offenses and any property, including money used in the gambling offenses, and all property, real and personal, that constitutes or is derived from proceeds traceable to the violations of 18 U.S.C. §§ 371, 1084, 1955, 1956, and 1960, including but not limited to, at least $100 million dollars in United States currency.

<u>Substitute Asset Provision</u>

a. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

   (3) has been placed beyond the jurisdiction of the
Court;

   (4) has been substantially diminished in value; or

   (5) has been commingled with other property which

   cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

 (Title 18, United States Code, Sections 371, 981, 982, 1084, 1955, 1956, 1960 and Title 28, United States Code, Section 2461(c)).


           */s/ Michael J. Garcia /AAM*
           MICHAEL J. GARCIA
           United States Attorney

Form No. USA-33s-274 (Ed. 9-25-58)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v -

STEPHEN ERIC LAWRENCE,

Defendant.

## INFORMATION

07 Cr.   (   )

Title 18, United States Code, Section 371

MICHAEL J. GARCIA
United States Attorney.

---

*Handwritten annotation:*

June 29, 2007 - Information filed. June 29, 2007 - The defendant Stephen Eric Lawrence and his attorney Peter Neiman and Shane Stansbury are present. AUSAs Timothy Treanor and Christopher Connify are present. Court Reporter Linda Fisher is present. See transcript. The defendant waives indictment. The defendant pleads guilty to Count One. The Court accepts the plea. The P.S.I. is ordered. Sentencing is scheduled for October 29, 2007 at 9:30 a.m. The defendant's application to modify bail conditions to [granted].